**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID A. BUIE, Petitioner, v. DISTRICT ATTORNEY OF COUNTY OF MIDDLESEX, et al., Respondents. | **Hon. Joel A. Pisano** Civil Action No. 12-5565 (JAP) **O P I N I O N** |

**APPEARANCES:**

DAVID A. BUIE, #57766-054
FCI Memphis
P.O. Box 34550
Memphis, TN 38184
Petitioner Pro Se

**PISANO, District Judge:**

David Arthur Buie, who is presently serving a 180-month federal sentence, see United States v. Buie, Crim. No. 05-0664 (RCC) judgment (S.D.N.Y. Jan. 3, 2007), aff'd 547 F.3d 401 (2d Cir. 2008), cert. denied, 129 S.Ct. 1640 (2009), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a fully expired New Jersey conviction entered May 22, 1995, in the New Jersey Superior Court, Middlesex County, Law Division, that was used as a predicate offense for the 180-month federal sentence under the Armed Career Criminal Act, see 18 U.S.C. § 924(e)(1). Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction, see 28 U.S.C. § 2254 Rule 4, and deny a certificate of appealability, see 28 U.S.C. §§ 2253(c).

## I. BACKGROUND

On March 18, 1994, New Jersey State Troopers arrested Buie for manufacturing, distributing, or dispensing heroin in the second degree in violation of N.J. Stat. Ann. §§ 2C:35-5a(1) and 2C:35-5b(2). See United States v. Buie, 547 F.3d 401, 402 (2d Cir. 2008). On April 10, 1995, Buie pled guilty to these charges pursuant to a plea agreement that permitted Buie to receive a maximum sentence of eight years' imprisonment with an 18-month period of parole ineligibility. Id. Under New Jersey law, a person convicted of a crime in the second degree may be sentenced to a term of imprisonment "which shall be fixed by the court and shall be between five years and 10 years." N.J. Stat. Ann. § 2C:43-7(a)(2).[1] On May 22, 1995, Superior Court Judge Glenn Berman sentenced Buie to an eight-year term with 18 months of parole ineligibility. (Dkt. 1 at 21.) Buie did not appeal. (Id. at 24.) On April 22, 2002, New Jersey paroled Buie and discharged him from custody. (Id.)

On April 29, 2005, federal officials charged Buie with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Southern District of New York. See United States v. Buie, Crim. No. 05-0664 (RCC) (S.D.N.Y. filed June 23, 2005). Buie was arrested on May 6, 2005. Id. On June 23, 2005, he was charged in a one-count indictment with unlawfully possessing a firearm after having been convicted of a felony, and the indictment noted that, if convicted, Buie was subject to an enhancement pursuant to 18 U.S.C. § 924(e) because he had been convicted on three prior and separate occasions, i.e., a January 9, 1979, New York first-degree robbery conviction, a July 26, 1982, New York first-

---

[1] Because Buie had two prior convictions, he was subject to being sentenced as a "persistent offender" to a term of imprisonment of "between 10 and 20 years." Buie, 547 F.3d 403 n.1 (quoting N.J. Stat. Ann. § 2C:44-3).

degree robbery conviction, and a May 22, 1995, New Jersey conviction for second-degree distribution of a controlled dangerous substance. See Buie, 547 F.3d at 402. Buie filed a motion to dismiss the portion of the indictment charging him with recidivism, arguing that the 1995 New Jersey conviction did not qualify as a "serious drug offense." Id. The District Court denied the motion. Buie moved for reconsideration, and the District Court denied the motion for reconsideration. On September 8, 2006, Buie pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g), and on December 12, 2006, Judge Casey sentenced Buie to a 180-month term of imprisonment under the Armed Career Criminal Act.

Buie appealed, raising two arguments: (1) the 1995 New Jersey drug conviction punishable under New Jersey law by up to ten years imprisonment did not qualify as a "serious drug offense" within 18 U.S.C. § 924(e)(2)(A)(ii) because the New Jersey trial judge stated at Buie's plea hearing that the maximum sentence under the plea agreement was eight years, and (2) the 1995 New Jersey conviction could not serve as a predicate under § 924(e) because he did not receive the effective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). See Buie, 547 F.3d at 404, 405. The Second Circuit rejected Buie's arguments and affirmed. The Second Circuit held that, because the New Jersey offense to which he pleaded guilty carried a statutory maximum penalty of ten years under N.J. Stat. Ann. § 2C:43-6(a)(2), the offense qualified as a "serious drug offense" under the Armed Career Criminal Act, which defined same as "an offense under State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii). As to Buie's second argument, the Second Circuit held that, because Buie did not allege a failure to appoint counsel within Gideon v. Wainwright, 372 U.S. 335 (1963), his collateral attack on the New Jersey conviction was

barred by Curtis v. United States, 511 U.S. 485, 487 (1994) (holding that at sentencing under under § 924(e), a defendant may not collaterally attack the validity of prior state court convictions, "with the sole exception of convictions obtained in violation of the right to counsel").

On April 7, 2011, Buie filed a petition for post-conviction relief in the Law Division of the New Jersey Superior Court seeking to withdraw his 1995 guilty plea on the grounds that counsel at the plea hearing was ineffective, the sentencing judge took part in the plea negotiations, and he served 32 months (rather than 18 months) before being paroled. (Dkt. 1 at 25-26.) On April 11, 2011, Judge Berman denied post conviction relief on the ground that the petition was time barred. (Id.) Buie appealed, claiming ineffective assistance of counsel because "[m]isinformation provided by the judge, prosecutor and [defendant]'s attorney," "resulted in an unauthorized sentence." (Dkt. 1 at 27-28.) On June 11, 2012, the Appellate Division of the New Jersey Superior Court summarily affirmed the order denying post-conviction relief, finding that the judge did not err in dismissing the petition as untimely under New Jersey Court Rule 3:22-12(a)(1). (Id.)

Buie executed the § 2254 Petition presently before this Court on July 20, 2012. The Clerk of the United States District Court for the Eastern District of Pennsylvania docketed the Petition on July 25, 2012. See Buie v. District Attorney of County of Middlesex, Civ. No. 12-4236 (PD) (E.D. Pa. July 25, 2012). On August 7, 2012, Judge Paul Diamond transferred the matter to this Court. Using a § 2254 form, Buie challenges the May 22, 1995, conviction in the New Jersey Superior Court, Middlesex County, on the following grounds:

Ground One: RULE 3:22-12(A)(1) CONFLICTS WITH 18 U.S.C. SECTION 924(e)(2)(A)(ii).

Supporting Facts: My New Jersey conviction was used to enhance my federal conviction, I was sentenced to an illegal term in New Jersey, however, I can't challenge it because of New Jersey Court Rule 3:22-12(a)(1).

Ground Two: INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.

Supporting Facts: My attorney allowed the court and the prosecutor to pressure me into pleading guilty to a sentence that turned out to be illegal in the state of New Jersey.

Ground Three: SHOULD THIS PETITIONER BE ALLOWED TO COLLATERALLY ATTACK HIS N.J. CONVICTION, THAT HE IS NO LONGER IN CUSTODY FOR, BECAUSE IT WAS USED AS AN ENHANCER TO HIS PRESENT CONVICTION.

Supporting Facts: A federal prisoner in custody under a sentence enhanced by a prior state conviction can attack that conviction, even if he is no longer in custody for it and it has expired. If that conviction was used to enhance his current sentence.

Ground Four: DOES THE STATE'S NEED FOR FINALITY OUTWEIGH A CONVICTION TAINTED BY A CONSTITUTIONAL INFIRMITY?

Supporting Facts: N.J. Court Rule 3:22-12 should be relaxed because of extenuating circumstances and compelling evidence. Misinformation provided by the Judge, prosecutor and my attorney constituted a structural error.

(Dkt. 1 at 5-11.)

## II. STANDARD OF REVIEW

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4. Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the

> petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

### A. Jurisdiction

Section 2254(a) provides that "a district court shall entertain an application fir a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The United States Supreme Court has interpreted the "in custody" language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1 (1998). The "in custody" language does not require that a prisoner be physically confined in order to challenge his sentence in habeas corpus. See e.g., Jones v. Cunningham, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"). The Supreme Court "ha[s] never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491; see also Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d at 824. Thus,"once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

This case is governed by the Supreme Court's holding in Maleng v. Cook, 490 U.S. at 492, but is supported by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) and Daniels v. United States, 532 U.S. 374 (2001). In Maleng, the petitioner filed a § 2254 habeas petition in the United States District Court for the Western District of Washington challenging a 1958 Washington State conviction and 20-year sentence for robbery, which expired by its terms in 1978, but was used to enhance a 1978 Washington State sentence (for a crime committed while he was on parole). At the time the petitioner filed his § 2254 petition in 1985, he was serving the 1978 sentence, but the 20-year sentence imposed on the 1958 conviction had been fully served. The petitioner alleged that the 1958 state conviction was invalid because he had not been given a competency hearing and it had been used illegally to enhance his 1978 state

sentences. The Supreme Court held that the petitioner was not "in custody" on the fully expired 1958 sentence at the time he filed the § 2254 petition challenging it, even though it was used to enhance a 1978 state sentence he was serving:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not . . . . Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute . . .
>
> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

Maleng, 490 U.S. at 492-93.

Here, Buie, a prisoner who is currently in federal custody, expressly challenges a state conviction which expired in 2002, ten years before he signed his § 2254 Petition on July 20, 2012. Like the petitioner in Maleng, Buie's § 2254 Petition directly challenges a fully expired New Jersey conviction, which was used to enhance a subsequent (federal) sentence. Under the holding of Maleng, this Court lacks jurisdiction over the Petition under § 2254 because Buie was not "in custody" pursuant to the 1995 New Jersey conviction he challenges at the time he filed the § 2254 Petition.

Petitioner nevertheless argues in Ground Three that he is "in custody" within the meaning of 28 U.S.C. § 2254 because the sentence he is serving was enhanced as a result of the New Jersey conviction. In Daniels v. United States, 532 U.S. 374 (2001), and Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed whether a prisoner may challenge a current state sentence under § 2254 (Coss) or a current federal sentence under § 2255 (Daniels) on the ground that a prior state conviction used to enhance the current sentence was unconstitutionally obtained. This Court will briefly outline Coss and Daniels, and will then consider Petitioner's contention that he is "in custody" under a sentence enhanced by an unconstitutional New Jersey sentence.

In 1994, Coss filed a § 2254 petition in the United States District Court for the Middle District of Pennsylvania attacking a 1990 Pennsylvania sentence he was currently serving, "where [the] current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence ha[d] fully expired." Coss, 532 U.S. at 401. Citing Maleng, the Supreme Court noted that "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." Id. Nevertheless, the Court determined that, because the § 2254 petition was attacking the current state sentence, as enhanced by the allegedly unconstitutional expired state conviction, Coss satisfied § 2254's "in custody" requirement. Id. at 401- 02. The Supreme Court severely limited such a challenge, however, holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a

criminal sentence, the defendant generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained." Coss, 532 U.S. at 403 (citation omitted). The Supreme Court recognized one exception to this rule: "When an otherwise qualified . . . petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." Coss, 532 U.S. at 404.[2]

Similarly, in Daniels v. United States, 532 U.S. 374, Daniels filed a motion to vacate, set aside, or correct, pursuant to 28 U.S.C. § 2255, his current federal sentence on the ground that it was imposed in violation of the Constitution because it was enhanced based in part on fully expired state convictions which were themselves unconstitutional because they were both based on guilty pleas that were not knowing and voluntary, and because one conviction was also the product of ineffective assistance of counsel. Id. at 377. Because Daniels was serving the federal sentence he was challenging at the time he filed his § 2255 motion, there was no question that he was "in custody" on the conviction being attacked, and the Supreme Court did not discuss this issue. As in Coss, the Supreme Court held that a prisoner may not challenge a current federal sentence under § 2255 on the ground that it was enhanced by a fully expired unconstitutional state conviction, except where the expired conviction was obtained in violation of the right to counsel.

[2] Three justices in the 5/4 Coss majority would also permit a challenge to the underlying expired conviction in situations where "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." Id. at 406.

This case is governed by Maleng because Buie, who is serving a federal sentence, is challenging his 1995 expired New Jersey conviction under § 2254, instead of attacking his current federal sentence in a motion brought under § 2255 in the sentencing court. Under Maleng, this Court lacks jurisdiction to entertain Petitioner's challenge to the fully expired 1995 conviction because Buie was not "in custody" under that conviction when he filed the § 2254 Petition. As the Supreme Court explained in Daniels, 532 U.S. at 381,

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). These vehicles for review, however, are not available indefinitely and without limitation.

Id.

Although Petitioner is "in custody" on his current federal conviction, Buie filed a Petition under 28 U.S.C. § 2254 directly attacking the fully expired 1995 judgment of conviction entered in the New Jersey Superior Court. Buie is not "in custody" on this fully expired conviction, and under the holding of Maleng this Court lacks jurisdiction over the Petition. See Maleng, 490 U.S. at 492-93.

This Court will not recharacterize this § 2254 Petition as a § 2255 motion to vacate his current federal sentence. Buie's federal sentence became final on March 23, 2009, when the United States Supreme Court denied his petition for certiorari.[3] See Buie v. United States, 129 S.Ct. 1640 (Mem.) (Mar. 23, 2009). On or about March 5, 2007, Buie filed a § 2255 motion in

---

[3] Pursuant to 28 U.S.C. § 2255(f)(1), he had one year from that date, or until March 24, 2010, to file a § 2255 motion in the sentencing court.

the United States District Court for the Southern District of New York challenging his federal sentence on the grounds that the 1995 New Jersey conviction was not a "serious drug offense" for purposes of the Armed Career Criminal Act, and Superior Court Judge Berman misled him as to whether a plea agreement to an eight-year sentence effectively changed the statutorily authorized maximum sentence for the offense. See Buie v. United States, Civ. No. 07-1865 (AKH) (S.D.N.Y. filed Mar. 5, 2007). On July 27, 2009, District Judge Alvin K. Hellerstein denied the motion as barred because Buie raised these issues on direct appeal. On March 18, 2010, the Second Circuit denied a certificate of appealability. Given the statutory restrictions on second or successive § 2255 motions, see 28 U.S.C. § 2255(h), and the fact that Buie does not challenge the 1995 New Jersey conviction on the ground that it was obtained in violation of the right to counsel, see Daniels, 532 U.S. at 381, this Court declines to recharacterize this § 2254 Petition as a § 2255 motion to vacate Petitioner's current federal sentence and/or to transfer it to the sentencing court. Cf. Gross v. Sniezek, 396 Fed. App'x 802 (3d Cir. 2010) (district court lacks jurisdiction under § 2241 to entertain claim challenging federal sentence enhanced by expired unconstitutional state sentence); Webb v. Martinez, 386 Fed. App'x 136 (3d Cir. 2010) (same).

To summarize, because Petitioner is not "in custody" on the 1995 New Jersey conviction, this Court lacks jurisdiction to entertain this Petition challenging that conviction under 28 U.S.C. § 2254. See Maleng v. Cook, 490 U.S. at 491-92. Although Petitioner is "in custody" on his current federal conviction, this Court declines to recharacterize the § 2254 Petition as a motion under § 2255 to vacate the current federal sentence. This Court will accordingly dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2254(a).

B. Certificate of Appealability

The Anti-Terrorism and Effective Death Penalty Act provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253© because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.

**III. CONCLUSION**

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 1, 2012